### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF FLORIDA
### PANAMA CITY DIVISION

JOSEPH DAVIS, individually and as
Personal Representative for the Estate of
JULIE EVELYN DAVIS and
JAMES PATTON, individually,

      Plaintiffs,               Case No.:  5:18-cv-00145-RH-GRJ

v.                             State Case No.: 18-209CA

PHILIP MORRIS USA INC.,

      Defendant.
_____/

### DEFENDANT PHILIP MORRIS USA INC.'S
### MOTION TO SEVER AND INCORPORATED
### <u>MEMORANDUM OF LAW IN SUPPORT</u>

Defendant Philip Morris USA Inc. ("PM USA") moves this Court pursuant to Federal Rules of Civil Procedure 20 and 21 to sever the three distinct claims in this case – the personal injury claims of Plaintiff Joseph Davis and Plaintiff James Patton and the claim filed by Plaintiff Joseph Davis as personal representative for the Estate of Julie Evelyn Davis – because they are misjoined.  As set forth in more detail below, severance is appropriate because Plaintiffs have attempted to join in a single complaint the distinct claims of three individuals who have not pled any facts linking in any way any of their individual experiences smoking cigarettes manufactured by PM USA or their alleged smoking-related injuries.  Plaintiffs' joinder of their

unrelated claims does not satisfy the permissive joinder rules because each smoker will present a unique set of facts, based on his or her own individual circumstances, which did not arise out of the same transaction or occurrence. Because these variations will give rise to unique questions of fact and law that will predominate in each case, severance is warranted. *See* Fed. R. Civ. P. 20(a)(1).

## FACTUAL BACKGROUND

On June 13, 2018, Plaintiffs Joseph Davis (both individually and as Personal Representative for the Estate of Julie Evelyn Davis) and James Patton (individually) filed a Complaint for personal and wrongful death injuries in the Circuit Court of the Fourteenth Judicial Circuit, in and for Holmes County, Florida, seeking unspecified damages for the alleged wrongful death of Julie Evelyn Davis and personal injuries of Joseph Davis and James Patton.

The Complaint alleges that Julie Evelyn Davis died from pulmonary disease (lung cancer and COPD) caused by cigarette smoking on August 30, 2017. Compl. ¶ 4 (Ex. A). The Complaint also alleges that, after suffering three heart attacks, James Patton underwent quadruple bypass surgery on June 12, 2017, to treat coronary heart disease allegedly caused by cigarette smoking. *Id.* ¶ 5. And, finally, it alleges that, in February of 2017, Joseph Davis suffered "one of multiple heart attacks" allegedly attributed to cigarette smoking and has been diagnosed with "smoking-related COPD." *Id.* ¶ 6.

Despite alleging different dates of injury for each smoker, Plaintiffs Complaint then asserts that "Plaintiffs join their claims and collectively file a lawsuit against the same defendant" because "there exists commonality among the issues, the damages, and the Plaintiffs." *Id.* ¶ 10. It also alleges that the "theories underlying the plaintiffs' claims are essentially identical" and that "the plaintiffs have suffered the same or very similar injuries or damages arising out of the same factual pattern." *Id.*

In the "joint" allegations that follow, Plaintiffs assert strict liability and negligence claims and allege that Julie Evelyn Davis began smoking cigarettes at age nine and smoked almost exclusively Marlboro Lights until she developed COPD and lung cancer that ultimately caused her death. *Id.* ¶¶ 15, 16. They also allege that "Plaintiffs smoked primarily Marlboro Lights as their brand of choice" but provide no information regarding the dates any smoker smoked Marlboro Lights or the quantity of cigarettes any individual smoked. *Id.* ¶ 19.

## ARGUMENT

Under Federal Rule of Civil Procedure 20(a)(1), persons may join in one action as plaintiffs only if they assert any right to relief "arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1); *see also Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996)

(joinder of claimants under Rule 20 requires a right to relief arising out of the same transaction or occurrence and some question of law or fact common to all persons seeking to be joined).

## I. THESE INDIVIDUALIZED CLAIMS SHOULD NOT BE JOINED IN A SINGLE ACTION.

Claims of distinct plaintiffs cannot be joined in a single action "merely because they have common theoretical underpinnings." *In re Asbestos II Consol. Pretrial*, No. 86-C-1739, 1989 WL 56181, at *1 (N.D. Ill. May 10, 1989). Rather, separate plaintiffs may be joined in a single action only where their claims arise from the same transaction or occurrence. *See Donaldson v. City of Homestead*, Case No. 09-21388-CIV-Seitz/O'Sullivan, 2009 WL 10669107, *1 (S.D. Fla. Oct. 2, 2009). As in every smoking and health case, the litigation of Plaintiffs' individual claims in this case will inevitably focus on the life of each individual smoker. Therefore, the claims and defenses applicable to each smoker do not arise out of the same transaction or series of transactions; instead, they arise out of each smoker's unique smoking history, medical history, knowledge, and behavior. These individualized, smoker-specific facts determine critical issues of legal and medical causation, comparative fault, damages, and the defenses applicable to each smoker's claims. Such facts include, without limitation:

1. Each smoker's smoking history (including the different brands smoked and the design of those brands; the years they were smoked; and the amount, *i.e.*, packs per day smoked);

2.     The specific method(s), frequency, timing, and duration of the smoker's attempts to quit smoking;

3.     The reasons the smoker began and continued to smoke, the reasons for the smoker's brand choices, and the reasons the smoker attempted to quit smoking;

4.     The smoker's awareness of the health risks of smoking;

5.     The alleged smoking-related injuries and diseases suffered by the smoker, and the timing, types, and extent of those injuries;

6.     The cause(s) of, and contributing factors to, the smoker's death (where applicable);

7.     The smoker's individual medical history and medical treatments;

8.     The smoker's family medical history and genetic markers for any alleged disease;

9.     The smoker's other risk factors for the alleged injuries, including lifestyle and exposure histories;

10.    Medical causation issues associated with the smoker's alleged injuries;

11.    The facts and circumstances concerning the smoker's alleged addiction to cigarettes; and

14.    The smoker's acts and omissions upon which a jury may assess comparative fault.

These significant factual questions will plainly differ substantially from smoker to smoker.  Even if, as Plaintiffs assert, each smoker primarily smoked Marlboro Lights, the Complaint does not completely foreclose the possibility that each smoker smoked different brands of cigarettes at some point, and certainly further discovery could reveal critical differences in the smoking histories of these three individuals.    Individual smoking-and-health cases also often involve

significant differences in the dates the smokers began smoking. Those "initiation" dates are then critically relevant to the information available to each smoker and to his or her knowledge of the associated health risks. In the same way, the varying dates each smoker quit (assuming they did so at all) will dictate what each one knew about the health risks related to smoking and the information that was publicly available when each one smoked. That information, in turn, controls a number of issues in each individual case, including each plaintiff's claims for negligence.

And, setting aside each smoker's smoking history, other issues will differ from smoker to smoker. That is especially true when it comes to medical causation and the injuries alleged by Plaintiffs, who have asserted that Julie Evelyn Davis died from pulmonary disease (lung cancer and COPD) caused by cigarette smoking on August 30, 2017; James Patton underwent quadruple bypass surgery on June 12, 2017, to treat coronary heart disease allegedly caused by cigarette smoking; and Joseph Davis suffered "one of multiple heart attacks" allegedly attributed to cigarette smoking in February of 2017 and has been diagnosed with "smoking-related COPD." Compl. ¶¶ 4-6. Each smoker presumably received individualized medical care, provided by different medical providers, before and after the injuries alleged in this action. Critically, each smoker also sustained alleged injuries at different times.

These claims also differ from one another in that the action Joseph Davis filed on behalf of the Estate of Julie Evelyn Davis is a wrongful death action, whereas he and Joseph Patton both filed individual personal injury actions. The types of damages permitted in a personal injury case are substantially different from those permitted in a wrongful death case. If the Court were to consolidate such differing types of actions, it would thus need to instruct the jury about which evidence could be considered in the personal injury claims and which could be considered in the wrongful death action. Such a scenario would complicate the jury's consideration of each case and run the substantial risk that the jury would return a verdict based on evidence that may not properly form the basis for a compensatory damages award in that type of action. The compensatory damages available are likewise individualized and depend on the specific facts, expert testimony, and medical records about each smoker's condition, prognosis, and expected costs. Even when the *form* of the actions is the same, the damages alleged by one plaintiff are obviously irrelevant to the damages alleged by any other. Each plaintiff must present proof of his or her *own* damages, and the defendant must be allowed to rebut that specific and individualized proof.

In sum, each smoker will present a unique set of facts, based on his or her own individual circumstances, which did not arise out of the same transaction or

occurrence.  Indeed, these variations will give rise to unique questions of fact and law that will predominate in each case.

## II.  ALLOWING THESE CLAIMS TO BE JOINED WOULD VIOLATE PM USA'S DUE PROCESS RIGHTS.

Given the unique facts of each smoker's case, if this case remains consolidated then it would create the risk of an unnecessary prolonged jury trial, juror confusion, and significant prejudice to Defendants.  For example, it would be difficult, if not impossible, for jurors to sort out which pieces of evidence are relevant to which cases; they would thus likely consider inadmissible evidence in adjudicating each plaintiff's claims.[1]  It would also be difficult to create one set of jury instructions for three different smokers with two different theories of liability.

As Judge Sasser explained in a Florida state court case:

> **Examples of unfair prejudice to defendants in a consolidated trial include the likelihood of juror confusion and the introduction of evidence in one case that would not be admissible if the case had been tried separately.**  The risk of both of those possibilities is significant here, as amply detailed by Defendants in their Opposition, based on their review of the pleadings and discovery in these two cases to date.  This is, again, in stark contrast to Plaintiffs, who offer no specific facts about the

---

[1]  For example, if Plaintiffs pursue punitive damages, a jury would likely erroneously make an assessment on the collective harm to Plaintiffs rather than make an assessment based on the alleged injury to each specific smoker. *See, e.g.*, *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003) (explaining that punitive damages can only be awarded for the conduct of a defendant that caused the injury to the specific smoker); *Philip Morris USA v. Williams*, 549 U.S. 346, 353-57 (2007) (the Supreme Court confirmed —in a cigarette personal-injury case—that it violates due process for a jury to impose punitive damages to punish a defendant for harm allegedly suffered by persons other than the plaintiff at issue.).

two cases they seek to consolidate in their Motion.  **This factor therefore also militates strongly against consolidation.**

Order Denying Pls.' Mot. to Consolidate Cases for Discovery & Trial at 4, *Smith v. R.J. Reynolds*, No. 502007CA023930XXXXMB (Fla. 15th Cir. Ct. July 21, 2015) (citations omitted) (Ex. B) (emphasis added).

## III.   OTHER COURTS HAVE SEVERED OR DECLINED TO CONSOLIDATE SIMILAR ACTIONS.

Recognizing the inherently individual nature of smoking and health lawsuits, the court in *Insolia v. Philip Morris Inc.*, 186 F.R.D. 547 (W.D. Wis. 1999), severed the claims of three former smokers and their spouses because those claims "do not arise from the same transaction or series of transactions as they must in order to satisfy [Federal Rule of Civil Procedure] 20":

> *On an abstract level, dissimilarities in the claims brought by plaintiffs suggest that these claims are not related logically to one another.*  Plaintiffs began smoking at different ages; they bought different brands throughout their years as smokers; and they quit for different reasons and under different circumstances.  *As already mentioned, the only thread holding these disparate factual scenarios together is the allegation of an industry-wide conspiracy but this theory does not hold up on its terms much less under the weight of the individual issues associated with each plaintiff.*

186 F.R.D. at 550 (emphases added).

Similarly, the *Engle* progeny cases pending in the Middle District of Florida were severed.  Order at 3, *Amoros, et al. v. R.J. Reynolds Tobacco Co.*, No. 3:07-cv-

760-J-25HTS (M.D. Fla. May 13, 2009) ("[A]ll of the individual claims joined in these cases will need to be adjudicated. Given the substantial logistical issues involved in handling these cases, the Court has determined to begin that process now by severing the cases."); *see also* Order, *Amoros, et al. v. R.J. Reynolds Tobacco Co.*, No. 3:07-cv-760-J-25HTS (M.D. Fla. Nov. 27, 2009) (collectively, Ex. C). Judge Dalton, who presided over a number of those cases, explained that the often decisive facts concerning comparative fault and medical causation vary too greatly among different smokers to permit consolidation and concluded, "I don't know how, even if we are just trying a disease causation and comparative fault, how we can do it any other way than one at a time." Hr'g Tr. at 71-72, *In re Engle Cases*, No. 3:09-CV-10000 (M.D. Fla. June 6, 2011) (Ex. D).

Judges presiding over *Engle* progeny cases in Florida state court have reached similar conclusions. For example, in Broward County, Judge Jeffrey Streitfeld ruled that consolidation was not permissible because the factual issues in *Engle* cases were overwhelmingly individual:

> Analysis of the motion, memoranda of law and relevant discovery supports the position advocated by the Defendants that *individual issues predominate. Medical causation, awareness of the dangers of smoking and reliance on the alleged concealment and misleading statements of the Defendants, comparative fault and damages are all Plaintiff-specific issues.*

Order Denying Mot. to Consolidate for Trial at 1, *In re: Engle Progeny Cases Tobacco Litig.*, No. 08-80000(19) (Fla. 17th Cir. Ct. May 5, 2009) (emphasis added) (Ex. E).  Likewise, in Palm Beach County, Judge Meenu Sasser denied a motion to consolidate two cases (relating to a husband and wife), noting that the "cases have not been shown to involve substantially the same core of operative fact such that consolidation would eliminate duplicative trials."  July 21, 2015 Order at 3, *Smith*, *supra* (Ex. B).[2]

These rulings are consistent with rulings in similar products liability actions across the country, in which courts have not hesitated to find misjoinder and sever the claims of multiple plaintiffs where those claims are alleged in a single action but do not arise from the same transaction or series of transactions.[3]  And, as numerous

---

[2] *See also* Order Requiring More Definite Statement & Severing, *Garcia, et al. v. R. J. Reynolds Tobacco Co.*, No. 01-2007-CA 5026 (Fla. 8th Cir. Ct. June 27, 2008) (Ex. F); Order Severing Multi-Plaintiff Filings, *In re: Engle Progeny Cases Tobacco Litig.*, No. 2008 CA 80000 (Fla. 1st Cir. Ct. June 19, 2008) (ordering severance of all multi-plaintiff *Engle* progeny cases in the circuit) (Ex. G).

[3] *See, e.g.*, *Response Oncology, Inc. v. Metrahealth Ins. Co.*, 978 F. Supp. 1052, 1059 (S.D. Fla. 1997) (joinder inappropriate where complaint failed to allege claims that arose out of same transaction or occurrence), *order clarified on reconsideration*, No. 96-1772-CIV, 1997 WL 33123678 (S.D. Fla. Nov. 6, 1997); *Demboski v. CSX Transp. Inc.*, 157 F.R.D. 28, 28-29 (S.D. Miss. 1994) (granting motion to sever three unrelated wrongful death actions and one personal injury action against railroad arising from four separate accidents because claims did not arise from same series of transactions or occurrences); *In re Silica Prod. Liab. Litig.*, 398 F. Supp. 2d 563, 651-53 (S.D. Tex. 2005) (finding misjoinder where plaintiffs "have no relevant connection to each other, outside of the fact that all are alleged to have been exposed to respirable silica," where plaintiffs "worked in different locations, for different

cases have held, plaintiffs are not properly joined when "the only common link among them was a defective [product]." *Stinnette v. Medtronic Inc.*, No. Div. A. H-09-03854, 2010 WL 767558, at *2 (S.D. Tex. Mar. 3, 2010).[4]

Because the claims relating to Joseph Davis, James Patton, and Julie Evelyn Davis do not arise out of the same transaction, occurrence, or series of transactions or occurrences, they are not properly joined and should be severed. Severance is the appropriate remedy for misjoinder under both the federal and Florida rules. *See* Fed. R. Civ. P. 21; Fla. R. Civ. P. 1.210(a).

---

lengths of time, at different occupations, using different products"); *Cain v. Armstrong World Indus.*, 785 F. Supp. 1448, 1457 (S.D. Ala. 1992) (rejecting consolidation of asbestos claims of thirteen shipyard workers); *Smith v. N. Am. Rockwell Corp. Tulsa Div.*, 50 F.R.D. 515, 523 (N.D. Okla. 1970) (rejecting consolidation where plaintiffs "attempted to join in one action what are in reality four separate lawsuits arising out of four separate series of transactions or occurrences involving four disparate sets of facts"); *In re Asbestos II Consol. Pretrial*, 1989 WL 56181, at *1 (while plaintiffs allege they were exposed to defendants' asbestos products and suffer the same asbestos-related disease, "[a]llegations of similar facts do not satisfy the transaction or occurrence test" for permissive joinder; plaintiffs were misjoined because "[n]o allegation is made that the individual plaintiffs and decedents suffered exposure to products of any defendant at the same time nor at the same place," and their exposure "differs as to duration and magnitude").

[4] *Accord, e.g.*, *McNaughton v. Merck & Co.*, No. 04 Civ. 8297 (LAP), 2004 WL 5180726, at *1–3 (S.D.N.Y. Dec. 17, 2004); *In re Baycol Prod. Liab. Litig.*, No. MDL No. 1431, 2002 WL 32155269, at *2 (D. Minn. July 5, 2002); *Warner v. Stryker Corp.*, No. 08-6368-AA, 2009 WL 1773170, at *1–2 (D. Or. June 22, 2009).

## CONCLUSION

For the foregoing reasons, Defendant Philip Morris USA Inc. respectfully requests that the Court sever the personal injury claims of Plaintiff Joseph Davis and Plaintiff James Patton from those filed by Plaintiff Joseph Davis as personal representative for the Estate of Julie Evelyn Davis.

## REQUEST FOR ORAL ARGUMENT

Defendant Philip Morris USA Inc. hereby requests oral argument on its Motion to Sever and estimates that thirty (30) minutes are needed.

Respectfully submitted,

*/s/ Anitra F. Raiford*
Christopher P. Nease
Florida Bar No. 56552
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd
Kansas City, Missouri 64108-2613
cnease@shb.com
SHBPMAttyEscambia@shb.com
Telephone: (816) 474-6550

Anitra F. Raiford
Florida Bar No. 100354
SHOOK, HARDY & BACON L.L.P.
100 North Tampa Street, Suite 2900
Tampa, Florida 33602
araiford@shb.com
SHBPMAttyEscambia@shb.com
Telephone: (813) 202-7100

***Counsel for Philip Morris USA Inc.***

.

13

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)

I hereby certify pursuant to Rule 7.1(B), counsel for Philip Morris USA Inc. has conferred with Plaintiffs' counsel who opposes this motion.

## CERTIFICATE OF WORD COUNT COMPLIANCE

I hereby certify that Defendant Philip Morris USA Inc.'s Motion to Sever and Incorporated Memorandum of Law in Support complies with the word limit in Local Rule 7.1(F).

I further certify that the above-referenced Motion to Sever, including all text, headings, footnotes, and quotations, contains 3,073 words.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed in the United States District Court of the Northern District of Florida, using the electronic filing system which automatically generated notice to counsel of record on the attached Service List on this 31st day of July, 2018.

*/s/ Anitra F. Raiford*
**Counsel for Philip Morris USA Inc.**

# SERVICE LIST

***Counsel for Plaintiff:***
Santiago Asconape
ASCONAPE LAW GROUP
1251 Whitefield Lane
Marianna, FL 32448
santiago@asconapelaw.com

1039571